| | | | |
|---|---|---|---|
| **Case Title :** | Alex Castillo and Susan Castillo | **Case No :** | 10-35030 - E - 13L |
| | | **Date :** | 10/12/10 |
| | | **Time :** | 02:00 |
| **Matter :** | [22] - Motion/Application to Confirm/Modify Chapter 13 Plan [BJH-2] Filed by Debtor Alex Castillo, Joint Debtor Susan Castillo (shbs) | | |
| **Judge :** | Ronald H. Sargis | | |
| **Courtroom Deputy :** | Janet Larson | | |
| **Reporter :** | Diamond Reporters | | |
| **Department :** | E | | |

**APPEARANCES for :**
**Movant(s) :**
None
            Talvinder Bambhra (for the Trustee)
**Respondent(s) :**
None

MOTION was :
Denied
See Findings of fact and conclusions of law below

The court will issue a minute order.


Local Rule 9014-1(f)(1) Motion Opposition Filed.

Proper Notice Not Provided. The Proof of Service filed on August 22, 2010, states that the Motion and supporting pleadings were served on the Chapter 13 Trustee and a list of parties that was not provided to the court. By the court's calculation, 51 days' notice was provided.

The Motion to Confirm the Plan has not been properly set for hearing on the notice required by Local Bankruptcy Rule 9014-1(f)(1), General Order 05-03, Paragraph 8(a), and Federal Rule of Bankruptcy Procedure 2002(b). The Trustee having filed an opposition, the court will address the merits of the motion.

The court's decision is to deny the Motion to Confirm the Plan.

11 U.S.C. 1323 permits a debtor to amend a plan any time before confirmation. Debtors, however, did not properly serve the motion on all parties required by Federal Rule of Bankruptcy Procedure 2002(b). This, in and of itself, is cause to deny confirmation.

Moreover, Debtors failed to meet their burden of proving that they have met the requirements of confirmation. See Amfac Distribution Corp. v. Wolff (In re Wolff), 22 B.R. 510, 512 (9th Cir. B.A.P. 1982) (holding that the proponent of a Chapter 13 plan has the burden of proof as to confirmation). Such evidence, typically in the form of a Debtors' Declaration proving the elements of 11 U.S.C. 1325(a), is required. See Local Bankr. R. 9014-1(d)(6).

Finally, Debtors' Plan depends upon a motion to value the secured claim of Nationwide Assets. Debtors have not yet properly filed a motion to value the claim. Debtors attempted to use a "M-3" plan attachment, but Debtors cannot use the attachment given the procedural posture of this case. See General Order 05-03, 3(a)(2), (b).

The Plan does not comply with 11 U.S.C. 1325(a) and is not confirmed.

The court shall issue a minute order substantially in the following form holding that:

Findings of Fact and Conclusions of Law are stated in the Civil Minutes for the hearing.

The Motion to Confirm the Chapter 13 Plan filed by the Debtor having been presented to the court, and upon review of the pleadings, evidence, arguments of counsel, and good cause appearing,

IT IS ORDERED that Motion to Confirm the Plan is denied and the proposed Chapter 13 Plan is not confirmed.